# IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
# GENERAL DIVISION

| | | |
|---|---|---|
| EMERALD OF DUBLIN MASTER, LLC<br>4420 Cypress Creek Pkwy, Suite 224,<br>Houston, Texas 77068 | §<br>§<br>§<br>§ | CASE NUMBER: |
| *Plaintiff*, | §<br>§ | JUDGE: |
| VS. | §<br>§<br>§ | |
| GREATER NEW YORK INSURANCE<br>COMPANY<br>200 Madison Avenue, New York, NY 10016 | §<br>§<br>§<br>§ | **COMPLAINT** |
| | §<br>§ | TRIAL BY JURY DEMANDED |
| *Defendant*. | §<br>§ | |

1. NOW COMES Plaintiff, Emerald of Dublin Master, LLC (hereinafter referred to as "Plaintiff"), by and through undersigned counsel and states it's Complaint against Defendant as follows:

## I.
## PARTIES

2. Plaintiff's principal place of business is located at 4420 Cypress Creek Pkwy, Suite 224, Houston, Texas 77068, and it currently owns an apartment complex in Dublin, Ohio (hereinafter referred to as "the Property"). Plaintiff's nerve center is in Houston, Texas.

3. Plaintiff has insured the subject property through Defendant, Greater New York Mutual Insurance Company (hereinafter referred to as "GNY").

4. GNY is in the business of insurance in the State of Ohio and Texas. The insurance business done by GNY in Ohio and Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

5. GNY issued an insurance policy contract to the Plaintiff which was in full force and effect at the time of the subject Property loss. Defendant, GNY, conducts substantial business within Franklin County, Ohio and Texas. Pursuant to Civil Rule 10(D)(1), a copy of the policy is attached as Exhibit 1.

## II.
## JURISDICTION AND VENUE

6. Venue is appropriate in Franklin County, Ohio because all or part of the conduct giving rise to the causes of action were committed in Franklin County, Ohio and Plaintiff and property which is the subject of this suit are located in Franklin County, Ohio. Jurisdiction is properly invoked in the Franklin County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance policy contract and for bad faith arising from a covered loss in which the subject Property is located in Franklin County, Ohio. Also, because Plaintiff is a Texas resident, the Texas Insurance Code applies to this case.

## III.
## STATEMENT OF FACTS

7. Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GNY to Plaintiff in Harris County, Texas. Plaintiff owns the insured Property which is located in Dublin, Ohio. *See* Exhibit 1. GNY sold the Policy insuring

2

the Property to Plaintiff in Harris County, Texas. The Property was, and still is, owned by Plaintiff.

8. During the terms of said Policy, Plaintiff's Property sustained covered losses when storm damaged the Property during the Policy period, and Plaintiff timely reported same to GNY pursuant to the terms of the Policy. Plaintiff has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the GNY Policy, which was in full force and effect, on the date of the subject loss.

9. Plaintiff asked that GNY cover the cost of repairs to the Property pursuant to the Policy. GNY engaged adjusters to adjust the claim and investigate the damages. While the physical inspection of the Property occurred in Franklin County, Ohio, the claim adjustment happened predominately in Harris County and Montgomery County, Texas. GNY failed to conduct a full, fair and reasonable investigation of Plaintiff's covered damages caused by storm. GNY wrongfully denied payment for Plaintiff's damages. GNY applied the wrong date of loss to Plaintiff's claim. Although GNY was provided with the correct date of loss, GNY ignored such evidence.

10. Further, GNY's adjuster met with Plaintiff's Loss Control Supervisor once at the Property to investigate the loss. The two came to an agreement on the scope of the damage. However, later GNY reneged on that agreement and instead created an estimate that was vastly less than the two agreed to and did not address all of the covered damage.

11. GNY failed to timely and properly handle this claim, and failed to timely and properly compensate Plaintiff pursuant to the terms of GNY's policy and the agreement its adjuster made with Plaintiff's agent, which is a breach of the Policy and violates the Texas Insurance Code Chapters 541 and 542.

12. Plaintiff placed reasonable reliance in GNY that GNY would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for its property loss, in an amount, yet to be determined, but in excess of Fifty thousand ($50,000.00) dollars, according to proof at trial.

13. GNY failed to fully investigate and adjust all damages associated with the loss, and GNY wrongfully denied Plaintiff's claim for full repairs to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiff.

## COUNT I
## BREACH OF CONTRACT FOR FAILURE TO INVESTIGATE AND AFFORD COVERAGE

14. Plaintiff was entitled to benefits under the Policy for the losses described herein, and Defendant was obligated to pay the Plaintiff's claims for the subject losses. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy and renewal Policy as detailed by numerous violations outlined in paragraphs 7-13. Defendant refused to pay the full proceeds of the Policy as agreed by the parties and renewal Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. All conditions precedent to filing this lawsuit have been carried out and accomplished by Plaintiff or there was insufficient time before limitations would expire.

15. Plaintiff is covered under the Policy for all claims asserted against Defendant. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate policy benefits as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Ohio and the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

4

16. As a result of Defendant's breach of contract, Plaintiff was damaged financially. Plaintiff has incurred and will continue to incur substantial attorneys' fees, court costs, claim expenses and other expenses in the bringing of this action. Defendant is obligated to pay all claims, litigation costs, attorney fees, consequential damages and any judgment or settlement money for Plaintiff.

17. Texas law applies:

Art. 21.42. TEXAS LAWS GOVERN POLICIES. Any contract of insurance payable **to any citizen or inhabitant of this State** by any insurance company or corporation **doing business within this State** shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby.[1]

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for compensatory, incidental, and consequential damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## COUNT II
## VIOLATIONS OF CHAPTER 541.060(a)(7) OF THE TEXAS INSURANCE CODE

18. Under the Texas Insurance Code, "[a]ny contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby." TEX. INS. CODE ANN. ART. 21.42 (West 2009). Accordingly, Texas law applies. Under Section 541.060(a)(7), it is a violation if a carrier

---

[1] Emphasis added

5

refuses to pay a claim without conducting a reasonable investigation with respect to the claim. This provision of the Insurance Code can be violated negligently or intentionally – it is typically within the purview of the jury to decide which. *See* TEX. INS. CODE Sec. 541.152(b) (on a finding by the trier of fact that the defendant knowingly committed the act complained of the trier of fact may award an amount not to exceed three times the amount of actual damages.) Violations of Chapter 541 follow a "producing" causation burden of proof, not "proximate" causation. Further, if the jury finds that the policy entitles the insured to receive policy benefits and that the insurer's statutory violation resulted in the insured not receiving those benefits, the insured can recover the benefits as "actual damages . . . caused by" the statutory violation. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018). The Fifth Circuit and lower federal courts have held that adjusters' direct actions are the most relevant factors in determining insurance code liability, and this holds true irrespective of whether such individual is actually employed by the insurer or merely acting as an independent contractor.[2]

19. Defendant's conduct constitutes a failure to conduct a reasonable investigaton of Plaintiff's claims as detailed by numerous violations outlined in paragraphs 7-13. Texas law specifically recognizes that conducting an outcome-oriented investigation and/or relying on biased experts can be evidence of bad faith.[3]

20. As a result of Defendant's violations of Section 541.060(a)(7) of the Texas Insurance Code, Plaintiff has been denied its rightful recovery under the Policy, and Plaintiff has

---

[2] *See, e.g., Garza v. Geovera*, No. 13-CV-525, 2014 WL 66830, at *2 (S.D. Tex. Jan 18, 2014); *Rocha v. Geovera Specialty Insurance Co.*, No. 13-CV-0589, 2014 WL 68648, at *2 (S.D. Tex. Jan. 8, 2014); see also *Gasch v. Hartford Indem. Co.*, 491 F.3d, 278, 282 (5th Cir. 2007).
[3] *See, e.g., State Farm v. Simmons,* 963 S.W.2d 42 (Tex. 1998); *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444 (Tex. 1997)

6

been required to retain the undersigned counsel to prosecute this action in order to recover the proceeds of the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT III
### VIOLATIONS OF CHAPTER 541.060(a)(2) OF THE TEXAS INSURANCE CODE

21. Under Section 541.060(a)(2), it is a violation for a carrier to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when its liability has become reasonably clear. Whether liability was reasonably clear is also typically within the purview of the jury to decide. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b).

22. Defendant's conduct as set forth above, constitutes conduct that also violates Section 541.060(a)(2) as detailed by numerous violations outlined in paragraphs 7-13. Defendant's liability was reasonably clear from its first inspection of the Property. Defendant inspected these damages and yet delayed in paying the policy beneifts owed to Plaintiff. In fact, Defendant's adjuster came to an agreement with Plaintiff's agent on the scope and amount of damages, but then Defendant refused to comply with the agreement and instead low-balled the claim. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

23. As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the "prompt,

7

fair, and equitable settlement" of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based. [4]

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT IV
### VIOLATIONS OF CHAPTER 541.060(a)(4)(A) OF THE TEXAS INSURANCE CODE

24. Under Section 541.060(a)(4)(A), it is a violation to refuse to affirm or deny coverage within a reasonable time. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b). As set forth above in paragraphs 7-13, GNY failed to timely accept Plaintiff's claim for coverage under the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT V
### VIOLATIONS OF CHAPTER 541.060(a)(3) OF THE TEXAS INSURANCE CODE

25. Under Section 541.060(a)(3), it is a violation to fail to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims.

---

[4] *See Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, <u>2013 U.S. Dist. LEXIS 70033, 2013 WL 2149589</u>, at *5 (N.D. Tex. May 17, 2013) ("Adjusters play a role in the investigation, estimation, and settlement of insurance claims.")

8

26. As set forth above in paragraphs 7-13, GNY wholly failed to provide Plaintiff with a *reasonable* explanation for its denial of full payment. Further, given that Defendant reneged on its adjuster's agreement with Plaintiff, its explanation for its denial of full payment is not reasonable. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT VI
## VIOLATIONS OF CHAPTER 541.060(a)(1) OF THE TEXAS INSURANCE CODE

27. Under Section 541.060(a)(1), it is a violation to misrepresent one or more material facts and/or policy provisions relating to coverage. The allegations in paragraphs 7-13 above support Plaintiff's claims under Section 541.060(a)(1). Misrepresentations constitute a knowing/intentional violation of this Section.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

9

## COUNT VII
### VIOLATIONS OF CHAPTER 542.055 OF THE TEXAS INSURANCE CODE

28. As alleged in paragraphs 7-13 above, GNY failed to meet its obligations under the Texas Insurance Code Chapter 542.055 because it failed to timely acknowledge Plaintiff's claims, begin an investigation of Plaintiff's claims, and request all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims.

29. Texas' Chapter 542 Prompt Payment of Claims Act is a strict liability standard statute.[5] The statute requires only liability under the policy and a failure to comply with the timing requirements of the Act. There is no question that the Policy covers storm damage; however, after the delay, full payment for repairs has not been issued. Defendant clearly failed to comply with the time requirements of the statute.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court.

## COUNT VIII
### VIOLATIONS OF CHAPTER 542.056 OF THE TEXAS INSURANCE CODE

30. Under Section 542.056, the insurer must notify the claimant in writing that it accepts or rejects the claim within the statutorily mandated time of receiving notice of Plaintiff's claims. GNY failed to accept or deny Plaintiff's full and entire claims within the statutorily

---

[5] *Agredano v. UPC Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020)

10

mandated time of receiving all necessary information as alleged above. These actions by GNY alleged in paragraphs 7-13 above constitute violations of Chapter 542.056 of the Texas Insurance Code.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court.

## COUNT IX
### VIOLATIONS OF CHAPTER 542.057 OF THE TEXAS INSURANCE CODE

31. It is a violation of Section 542.057 for a carrier to fail to timely pay a claim. As described above in paragraphs 7-13, Defendant did not promptly pay undisputed claim benefits it knew were owed. As well, to date, Defendant has still failed to pay covered benefits as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court.

## COUNT X
### VIOLATIONS OF CHAPTER 542.058 OF THE TEXAS INSURANCE CODE

32. It is a violation of Section 542.058 if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, a carrier delays payment of the claim for a period exceeding for more than 60 days.

33. GNY has had Plaintiff's determination of the damages caused by the storm since early 2023. To date, Defendant has payed nothing on Plaintiff's claims. Thus, Defendant has violated Section 542.058 by delaying payment of claims beyond 60 days.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court.

## COUNT XI
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING/OHIO BAD FAITH

34. From and after the time Plaintiff's claim was presented to GNY, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment.

35. GNY's liability was reasonably clear from its first inspection of the Property. Defendant inspected these damages and yet delayed in paying even the policy benefits. Moreover, Defendant's adjuster agreed to a scope and amount of damages with Plaintiff. To date, Defendant has still not effectuated a settlement of the claims.

12

36. Further, Defendant's failure, as described in the paragraphs above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

37. Defendant breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

**(a)** failing to promptly and reasonably adjust and pay the Plaintiff's claims;

**(b)** failing to establish a reasonable justification for the denial of the Plaintiff's claims;

**(c)** taking advantage of the Plaintiff vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claims;

**(d)** failing to properly inspect the site of the loss and to adequately and properly investigate the claims with the wrongful intent to deny the Plaintiff's claims from their inceptions;

**(e)** failing to properly analyze the cause of the losses and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the losses in its possession;

**(g)** failing to properly review the available evidence related to the losses;

**(h)** failing to perform a good faith analysis of the losses;

**(i)** failing to prepare a good faith estimate of damages caused by the losses;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for its losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claim;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the

13

subject Property;

**(o)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(p)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

38. As a direct and proximate result of the above, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Fifty thousand ($50,000.00) dollars, according to proof at trial.

39. To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Fifty thousand ($50,000.00) dollars, according to proof at trial.

WHEREFORE, Plaintiff demands judgment against Defendant Greater New York Mutual Insurance Company for compensatory damages, including all forms of loss resulting from the Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owed, and exemplary damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with interest and costs.

### **DAMAGES**

40. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

41. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

14

42. For noncompliance with the Texas Insurance Code Chapter 541, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

43. For noncompliance with the Texas Insurance Code Chapter 542, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claims, as well as five percent added to the interest rate determined under Section 304.003, Texas Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

44. For breach of the Texas common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

45. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

### ADDITIONAL PLEADINGS

46. In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

15

47. The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

48. Because of Defendant's material breach of the policy, Plaintiff was excused from performing on the contract following Defendant's breach.

49. In the alternative, any other construction of the language of the policy is void as against public policy;

50. Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

51. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

52. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

53. In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

54. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

WHEREFORE, Plaintiff, Emerald of Dublin Master, LLC, by and through counsel, demand the following relief:

A. Judgment against Defendant for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Fifty thousand ($50,000.00) dollars, according to proof at trial;

B.      Judgment against Defendant for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Fifty thousand ($50,000.00) dollars, according to proof at trial;

C.      An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

D.      An award of pre-judgment interest; and

E.      Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

                                                     Respectfully submitted,

/s/ Brennan Osborn_____
Brennan T. Osborn
Supreme Court of Ohio ID Number 0103023
Trial Attorney for Plaintiff
Bevan and Associates LPA, Inc.
6555 Dean Memorial Pkwy
Boston Heights, OH 44233
Phone: (330) 650-0088
Fax: (330) 467-4493
Email: bosborn@bevanlaw.com

TRIAL ATTORNEY FOR PLAINTIFF
EMERALD OF DUBLIN MASTER, LLC

## JURY DEMAND

   Now comes Plaintiff, by and through counsel, and demands a trial by jury of the instant action.

                   Respectfully submitted,

                   /s/ Brennan Osborn_____
                   Brennan T. Osborn
                   Supreme Court of Ohio ID Number 0103023
                   Trial Attorney for Plaintiff
                   Bevan and Associates LPA, Inc.
                   6555 Dean Memorial Pkwy
                   Boston Heights, OH 44233
                   Phone: (330) 650-0088
                   Fax: (330) 467-4493
                   Email: bosborn@bevanlaw.com

                   TRIAL ATTORNEY FOR PLAINTIFF
                   EMERALD OF DUBLIN MASTER, LLC